William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*
*Bausch & Lomb, Inc.,*
*Bausch & Lomb Ireland Limited,*
*and Eye Therapies, LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAUSCH & LOMB, INC.;<br>BAUSCH & LOMB IRELAND LIMITED;<br>and EYE THERAPIES, LLC,<br><br>     Plaintiffs,<br><br>  v.<br><br>LUPIN LTD.; LUPIN ATLANTIS<br>HOLDINGS SA; LUPIN INC.; AND<br>LUPIN PHARMACEUTICALS, INC.,<br><br>     Defendants. | Civil Action No. 22-534<br><br>*Document Electronically Filed* |

### COMPLAINT FOR PATENT INFRINGEMENT

   Plaintiffs Bausch & Lomb, Inc., Bausch & Lomb Ireland Limited, and Eye Therapies, LLC (collectively, "Plaintiffs") by way of Complaint against Defendants Lupin Ltd., Lupin Atlantis Holdings SA, Lupin Inc., and Lupin Pharmaceuticals, Inc. (collectively, "Lupin" or "Defendants") allege as follows:

### NATURE OF THE ACTION

   1.  This is an action for infringement of United States Patent Nos. 8,293,742 ("the

'742 patent") and 9,259,425 ("the '425 patent"), arising under the United States patent laws, Title 35, United States Code, § 100 et seq., including 35 U.S.C. §§ 271 and 281, and for declaratory judgment of infringement under 28 U.S.C. §§ 2201 and 2202. This action relates to Lupin's filing of an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic Brimonidine Tartrate Ophthalmic Solution, 0.025% ("Lupin's generic brimonidine ophthalmic solution") prior to the expiration of the '742 patent and the '425 patent.

## THE PARTIES

2.     Plaintiff Bausch & Lomb, Inc. ("Bausch") is a corporation organized and existing under the laws of New York with a place of business at 1400 N. Goodman St. Rochester, NY 14609. Bausch is the registered holder of approved New Drug Application ("NDA") No. 208144, which covers Lumify® ophthalmic solution/drops (brimonidine tartrate, 0.025%).

3.     Plaintiff Bausch & Lomb Ireland Limited ("Bausch Ireland") is a company organized and existing under the laws of Ireland, having its registered office at 3013 Lake Drive, Citywest Business Park, Dublin, Ireland. Bausch Ireland exclusively licenses the '742 patent and the '425 patent.

4.     Plaintiff Eye Therapies, LLC ("Eye Therapies") is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 26933 Camino De Estrella, 2nd Fl., Dana Point, California 92624. Eye Therapies is the owner of the '742 patent and the '425 patent.

5.     Upon information and belief, Defendant Lupin Ltd. is a corporation organized and existing under the laws of India, having a corporate headquarters at 3rd Floor, Kalpataru Inspire,

Off. Western Expressway Highway, Santacruz (East), Mumbai 400 055, India.

6.     Upon information and belief, Defendant Lupin Atlantis Holdings SA ("Lupin Atlantis") is a corporation organized and existing under the laws of Switzerland, having a corporate headquarters at Landis & Gyr-Strasse 1, Zug, Switzerland 6300. Upon information and belief, Lupin Atlantis is a wholly-owned subsidiary of Lupin Ltd.

7.     Upon information and belief, Defendant Lupin Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 111 S. Calvert Street, 21st Floor, Baltimore, MD 21202. Upon information and belief, Lupin Inc. is a wholly-owned subsidiary of Lupin Atlantis.

8.     Upon information and belief, Defendant Lupin Pharmaceuticals, Inc. ("Lupin Pharm.") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 111 S. Calvert Street, 21st Floor, Baltimore, MD 21202. Upon information and belief, Lupin Pharm. is a subsidiary of Lupin Ltd. (3%) and Lupin Inc. (97%).

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

10.     Upon information and belief, this Court has jurisdiction over Lupin Ltd. Upon information and belief, Lupin Ltd. is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Lupin Ltd. directly or indirectly manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Lupin's ANDA Product. Upon information and belief, Lupin Ltd. operates a manufacturing and research facility at 400 Campus Drive, Somerset, New Jersey

08873. Upon information and belief, Lupin Ltd. purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Lupin Ltd. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

11.     Lupin is subject to specific jurisdiction in this district based on the filing of its ANDA for its generic Brimonidine Tartrate Ophthalmic Solution, 0.025% product. Upon information and belief, Lupin has taken the costly, significant step of applying to the FDA for approval to engage in future activities, including the marketing of its generic drugs, that will purposefully be directed at, upon information and belief, the State of New Jersey and elsewhere. Lupin's ANDA filing constitutes a formal act that reliably indicates a plan to engage in marketing of the proposed generic drug. Upon information and belief, Lupin intends to direct sales of its drug into New Jersey, among other places, once it has the requested FDA approval to market it. Upon information and belief, Lupin will engage in marketing of its generic brimonidine ophthalmic solution in New Jersey upon approval of its ANDA. Lupin's ANDA filing regarding the '742 and '425 patents at issue here is suit-related and has a substantial connection with this judicial district because it reliably, non-speculatively predicts activities by Lupin in this judicial district.

12.     Upon information and belief, this Court has jurisdiction over Lupin Atlantis. Upon information and belief, Lupin Atlantis directly or indirectly manufactures, markets, and sells generic drug products, including generic drug products manufactured by Lupin Ltd., throughout the United States and in this judicial district. Upon information and belief, Lupin Atlantis purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Lupin Atlantis operates a manufacturing and research facility at

- 4 -

400 Campus Drive, Somerset, New Jersey 08873. Upon information and belief, Lupin Atlantis has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

13.     Upon information and belief, this Court has jurisdiction over Lupin Inc. Upon information and belief, Lupin Inc. directly or indirectly manufactures, markets, and sells generic drug products, including generic drug products manufactured by Lupin Ltd., throughout the United States and in this judicial district. Upon information and belief, Lupin Inc. purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Lupin Inc. operates a manufacturing and research facility at 400 Campus Drive, Somerset, New Jersey 08873. Upon information and belief, Lupin Inc. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

14.     Upon information and belief, this Court has jurisdiction over Lupin Pharm. Upon information and belief, Lupin Pharm. directly or indirectly manufactures, markets, and sells generic drug products, including generic drug products manufactured by Lupin Ltd., throughout the United States and in this judicial district. Upon information and belief, Lupin Pharm. purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Lupin Pharm. operates a manufacturing and research facility at 400 Campus Drive, Somerset, New Jersey 08873. Upon information and belief, Lupin Pharm. is registered to do business in New Jersey (business identification number 0101043376) and is registered with the State of New Jersey as a manufacturer and wholesale distributor of drugs under Registration Numbers 5004060 and 5005159. Upon information and belief, Lupin Pharm. has previously submitted to the jurisdiction of this Court and has further previously availed itself

of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

15.     Upon information and belief, Defendants have a regular and established place of business in this judicial district because, for example, they maintain a place of business in this judicial district at 400 Campus Drive, Somerset, New Jersey 08873 and has committed an act of infringement in this judicial district.

16.     Upon information and belief, Lupin Ltd., Lupin Atlantis, Lupin Inc., and Lupin Pharm. hold themselves out as a unitary entity for purposes of manufacturing, marketing, selling, and distributing generic products in the United States. Upon information and belief, Lupin is "vertically integrated, from process development of the API to the submission of dossiers for finished dosages." (*See* https://www.lupin.com/US/generics/, last accessed Jan. 25, 2022.) Lupin's "manufacturing is also integrated." (*See id.*)

17.     Lupin Ltd. and Lupin Pharm. availed themselves of the rights, benefits, and privileges of this Court by filing a complaint in the District of New Jersey in at least the following action: *Lupin Ltd. v. Merck, Sharp & Dohme Corp.*, Civil Action No. 10-00683.

18.     Lupin Ltd., Lupin Atlantis, Lupin Inc., and/or Lupin Pharm. consented to or did not contest jurisdiction of this Court, for example, in at least the following District of New Jersey actions: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391 (Lupin Inc., Lupin Ltd., and Lupin Pharm.); *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 14-07105 (Lupin Ltd., Lupin Atlantis, and Lupin Pharm.); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 15-06935 (Lupin Ltd. and Lupin Pharm.); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 16-01097 (Lupin Ltd. and Lupin Pharm.); *Sun Pharma Global FZE v. Lupin Ltd.,* Civil Action No. 18-02213 (Lupin Ltd. and Lupin Pharm.); *Endo Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-10952 (Lupin Atlantis and Lupin Inc.); *Boehringer Ingelheim Pharm., Inc.*

*v. Lupin Atlantis Holdings SA*, Civil Action No. 18-12663 (Lupin Ltd. and Lupin Atlantis);
*Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, Civil Action No. 18-13700 (Lupin Ltd. and Lupin
Pharm.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-
16708 (Lupin Ltd. and Lupin Atlantis); *Bausch Health Ireland Ltd. v. Lupin Ltd.*, Civil Action
No. 19-9178 (Lupin Ltd., Lupin Atlantis, Lupin Inc., and Lupin Pharm.).

19.     Lupin Ltd., Lupin Atlantis, Lupin Inc., and/or Lupin Pharm. availed themselves of
the rights, benefits, and privileges of this Court by asserting counterclaims, for example, in at
least the following District of New Jersey actions: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action
No. 13-00391 (Lupin Ltd., Lupin Inc., and Lupin Pharm.); *Horizon Pharma Ireland Ltd. v. Lupin
Ltd.*, Civil Action No. 15-06935 (Lupin Ltd.); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action
No. 16-01097 (Lupin Ltd.); *Sun Pharma Global FZE v. Lupin Ltd.*, Civil Action No. 18-02213
(Lupin Ltd.); *Endo Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-10952
(Lupin Atlantis); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action
No. 18-12663 (Lupin Atlantis); *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, Civil Action No. 18-
13700 (Lupin Ltd.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil
Action No. 18-16708 (Lupin Atlantis); *Bausch Health Ireland Ltd. v. Lupin Ltd.*, Civil Action
No. 19-9178 (Lupin Inc.).

20.     Lupin knows or should know that Lumify® is manufactured for Bausch, at least
because that information is included in the label for Lumify® and is publicly available.

21.     Upon information and belief, venue is proper in this judicial district under 28
U.S.C. §§ 1391(c) and (d), and 1400(b).

22.     Lupin Ltd., Lupin Atlantis, Lupin Inc., and/or Lupin Pharm. did not contest venue
in this judicial district in at least the following actions: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil

Action No. 13-00391 (Lupin Inc., Lupin Ltd., and Lupin Pharm.); *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 14-07105 (Lupin Ltd. and Lupin Pharm.); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 15-06935 (Lupin Ltd. and Lupin Pharm.); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 16-01097 (Lupin Ltd. and Lupin Pharm.); *Sun Pharma Global FZE v. Lupin Ltd.,* Civil Action No. 18-02213 (Lupin Ltd. and Lupin Pharm.); *Endo Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-10952 (Lupin Atlantis and Lupin Inc.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-12663 (Lupin Ltd. and Lupin Atlantis); *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, Civil Action No. 18-13700 (Lupin Ltd. and Lupin Pharm.);  *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-16708 (Lupin Ltd. and Lupin Atlantis); *Bausch Health Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 19-9178 (Lupin Ltd., Lupin Atlantis, Lupin Inc., and Lupin Pharm.).

23.     Venue is proper against Lupin Ltd., a foreign corporation, in any judicial district that has personal jurisdiction, including this district.

24.     Venue is proper against Lupin Atlantis, a foreign corporation, in any judicial district that has personal jurisdiction, including this district.

25.     Venue is proper against Lupin Inc. because, *inter alia*, it maintains a regular and established place of business in this judicial district and has committed an act of infringement in this judicial district.

26.     Venue is proper against Lupin Pharm. because, *inter alia*, it maintains a regular and established place of business in this judicial district and has committed an act of infringement in this judicial district.

## THE PATENTS IN SUIT

27.     The PTO issued the '742 patent on October 23, 2012. The '742 patent claims, *inter alia*, methods of reducing eye redness consisting essentially of administering brimonidine into ocular tissue. Plaintiffs hold all substantial rights in the '742 patent and have the right to sue for infringement thereof. A copy of the '742 patent is attached hereto as Exhibit 1.

28.     The U.S. Patent and Trademark Office ("PTO") issued the '425 patent on February 16, 2016. The '425 patent claims, *inter alia*, methods of reducing redness of an eye and/or increasing whiteness of an eye comprising administering compositions comprising brimonidine. Plaintiffs hold all substantial rights in the '425 patent and have the right to sue for infringement thereof. A copy of the '425 patent is attached hereto as Exhibit 2.

29.     Bausch is the holder of NDA No. 208144 for Lumify®, which the FDA approved on December 22, 2017. In conjunction with NDA No. 208144, the '742 and '425 patents are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book").

30.     Brimonidine tartrate ophthalmic solution, 0.025%, is sold in the United States under the trademark Lumify®.

## LUPIN'S INFRINGING ANDA SUBMISSION

31.     Upon information and belief, Lupin filed or caused to be filed with the FDA ANDA No. 216716, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

32.     Upon information and belief, Lupin's ANDA No. 216716 seeks FDA approval  to engage in commercial manufacture, use, and sale in the United States of Lupin's generic brimonidine ophthalmic solution, intended to be a generic version of Lumify®.

33.     On or about January 20, 2022, Plaintiffs received a letter from Lupin dated

January 18, 2022, purporting to be a Notice of Paragraph IV Certification regarding ANDA No. 216716 ("Lupin's Notice Letter") under Section 505(j)(2)(B)(iv) of the Act and 21 § C.F.R. 314.95. Lupin's Notice Letter was addressed to Bausch, Bausch Health Companies Inc., and Eye Therapies.

34.     Lupin's Notice Letter alleges that Lupin has submitted to the FDA ANDA No. 216716 seeking approval to engage in the commercial manufacture, use and/or sale of Lupin's generic brimonidine ophthalmic solution, intended to be generic versions of Lumify®.

35.     Lupin's Notice Letter states that Lupin's ANDA No. 216716 contains "data from bioavailability or bioequivalence studies to obtain approval to engage in the commercial manufacture, use, or sale of brimonidine tartrate ophthalmic solution, 0.025%" for Lupin's generic brimonidine ophthalmic solution.

36.     Upon information and belief, ANDA No. 216716 seeks approval of Lupin's generic brimonidine ophthalmic solution that is the same, or substantially the same, as Lumify®.

37.     Upon information and belief, Lupin's actions related to ANDA No. 216716 complained of herein were done at the direction of, with the authorization of, or with the cooperation, the participation, the assistance of, or at least in part for the benefit of Lupin Ltd., Lupin Atlantis, Lupin Inc., and Lupin Pharm.

## COUNT I FOR PATENT INFRINGEMENT

### Infringement of the '742 Patent Under § 271(e)(2)

38.     Paragraphs 1-37 are incorporated herein as set forth above.

39.     Under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '742 patent by submitting, or causing to be submitted to the FDA, ANDA No. 216716 seeking approval for the commercial marketing of Lupin's generic brimonidine ophthalmic solution

before the expiration date of the '742 patent.

40.      Upon information and belief, Lupin's generic brimonidine ophthalmic solution will, if approved and marketed, infringe at least one claim of the '742 patent.

41.      Upon information and belief, Defendants will, through the manufacture, use, import, offer for sale, and/or sale of Lupin's generic brimonidine ophthalmic solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '742 patent.

42.      If Defendants' marketing and sale of Lupin's generic brimonidine ophthalmic solution prior to the expiration of the '742 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '742 Patent

43.      Paragraphs 1-42 are incorporated herein as set forth above.

44.      These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

45.      There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

46.      Defendants have made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Lupin's generic brimonidine ophthalmic solution before the expiration date of the '742 patent, including Lupin's filing of ANDA No. 216716.

47.      Upon information and belief, any commercial manufacture, use, offer for sale,

sale, and/or importation of Lupin's generic brimonidine ophthalmic solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '742 patent.

48.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Lupin's generic brimonidine ophthalmic solution will constitute infringement of at least one claim of the '742 patent.

## COUNT III FOR PATENT INFRINGEMENT

### Infringement of the '425 Patent Under § 271(e)(2)

49.     Paragraphs 1-48 are incorporated herein as set forth above.

50.     Under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '425 patent by submitting, or causing to be submitted to the FDA, ANDA No. 216716 seeking approval for the commercial marketing of Lupin's generic brimonidine ophthalmic solution before the expiration date of the '425 patent.

51.     Upon information and belief, Lupin's generic brimonidine ophthalmic solution will, if approved and marketed, infringe at least one claim of the '425 patent.

52.     Upon information and belief, Defendants will, through the manufacture, use, import, offer for sale, and/or sale of Lupin's generic brimonidine ophthalmic solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '425 patent.

53.     If Defendants' marketing and sale of Lupin's generic brimonidine ophthalmic solution prior to the expiration of the '425 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '425 Patent

54.     Paragraphs 1-53 are incorporated herein as set forth above.

55.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

56.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

57.     Defendants have made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Lupin's generic brimonidine ophthalmic solution before the expiration date of the '425 patent, including Lupin's filing of ANDA No. 216716.

58.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's generic brimonidine ophthalmic solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '425 patent.

59.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Lupin's generic brimonidine ophthalmic solution will constitute infringement of at least one claim of the '425 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants on the patent infringement claims set forth above and respectfully request that this Court:

1.      Enter judgment that, under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '742 patent by submitting or causing to be submitted ANDA No. 216716 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Lupin's generic brimonidine ophthalmic solution before the expiration of the '742 patent;

2.      Enter judgment that, under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '425 patent by submitting or causing to be submitted ANDA No. 216716 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Lupin's generic brimonidine ophthalmic solution before the expiration of the '425 patent;

3.      Order that the effective date of any approval by the FDA of Lupin's generic brimonidine ophthalmic solution be a date that is not earlier than the expiration of the '425 patent and the '742 patent, or such later date as the Court may determine;

4.      Enjoin Defendants from the commercial manufacture, use, import, offer for sale, and/or sale of Lupin's generic brimonidine ophthalmic solution until expiration of the '742 patent and the '425 patent, or such later date as the Court may determine;

5.      Enjoin Defendants and all persons acting in concert with Lupin from seeking, obtaining, or maintaining approval of Lupin's ANDA No. 216716 until expiration of the '742 patent and the '425 patent;

6.      Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees; and

7.      Award Plaintiffs such further and additional relief as this Court deems just and proper.


Dated: February 2, 2022                          Respectfully submitted,
       Newark, New Jersey
                                                 s/ William P. Deni, Jr.
                                                 William P. Deni, Jr.
                                                 J. Brugh Lower
                                                 **GIBBONS P.C.**
                                                 One Gateway Center
                                                 Newark, New Jersey 07102
                                                 Tel: (973) 596-4500
                                                 Fax: (973) 596-0545
                                                 wdeni@gibbonslaw.com
                                                 jlower@gibbonslaw.com

                                                 *Of Counsel:*

                                                 Bryan C. Diner
                                                 Justin J. Hasford
                                                 **FINNEGAN, HENDERSON,**
                                                 **FARABOW, GARRETT & DUNNER, LLP**
                                                 901 New York Avenue, NW
                                                 Washington, DC 20001-4413
                                                 Tel: (202) 408-4000

                                                 *Attorneys for Plaintiffs*
                                                 *Bausch & Lomb, Inc.,*
                                                 *Bausch & Lomb Ireland Limited,*
                                                 *and Eye Therapies, LLC*

<u>**CERTIFICATION OF NON-ARBITRABILITY**</u>
<u>**PURSUANT TO LOCAL CIVIL RULE 201.1(d)**</u>

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: February 2, 2022                   <u>s/ William P. Deni, Jr.</u>
       Newark, New Jersey                  William P. Deni, Jr.
                                               J. Brugh Lower
                                               **GIBBONS P.C.**
           One Gateway Center
           Newark, New Jersey 07102
           Tel: (973) 596-4500
           Fax: (973) 596-0545
           wdeni@gibbonslaw.com
           jlower@gibbonslaw.com

           *Of Counsel:*

           Bryan C. Diner
           Justin J. Hasford
           **FINNEGAN, HENDERSON,**
           **FARABOW, GARRETT & DUNNER, LLP**
           901 New York Avenue, NW
           Washington, DC 20001-4413
           Tel: (202) 408-4000

           *Attorneys for Plaintiffs*
           *Bausch & Lomb, Inc.,*
           *Bausch & Lomb Ireland Limited,*
           *and Eye Therapies, LLC*